Carol Ann AGSTER, personal representative of the Estate of Charles J. Agster, III, deceased, and as surviving parent of Charles J. Agster, III; Charles J. Agster, Jr., surviving parent of Charles J. Agster, III, Plaintiffs—Appellees,

v.

MARICOPA COUNTY SHERIFF'S OFFICE, a division of Maricopa County; Joseph M. Arpaio, Sheriff; Baruch A. Reusch; Jane Doe Reusch, wife; Leah R. Compton; John Doe Compton, husband; Kristine Kemper; James E. Crouch, husband, aka John Doe Kemper; Amanda S. Garrison; John Doe Garrison, husband; Susan E. Fisher; John Doe Fisher, husband; Eric Nulph; Jane Doe Nulph, wife; Kath-

erina Brokschmidt; Charles Broksch-
midt, husband, aka John Doe
Brokschmidt; Michael C. Wilkins;
Kathleen Wilkins, wife, aka Jane Doe
Wilkins; Laura Sodeman; John Doe
Sodeman, husband Defendants—Ap-
pellants.

Carol Ann Agster, personal representa-
tive of the Estate of Charles J. Agster,
III, deceased, and as surviving parent
of Charles J. Agster, III; Charles J.
Agster, Jr., surviving parent of
Charles J. Agster, III, Plaintiffs—Ap-
pellees,

v.

Maricopa County Sheriff's Office, a divi-
sion of Maricopa County; Joseph M.
Arpaio, Sheriff; Baruch A. Reusch;
Jane Doe Reusch, wife; Leah R.
Compton; John Doe Compton, hus-
band; Kristine Kemper; James E.
Crouch, husband, aka John Doe Kem-
per; Amanda S. Garrison; John Doe
Garrison, husband; Susan E. Fisher;
John Doe Fisher, husband; Eric
Nulph; Jane Doe Nulph, wife; Kath-
erina Brokschmidt; Charles Broksch-
midt, husband, aka John Doe
Brokschmidt; Michael C. Wilkins;
Kathleen Wilkins, wife, aka Jane Doe
Wilkins; Laura Sodeman; John Doe
Sodeman, husband Defendants,

and

Betty J. Lewis, Defendant—Appellant.

No. 04–16786, 04–16844.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 23, 2005.*

Decided July 20, 2005.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Michael C. Manning, Esq., Christine Anne Bailey Stutz, Esq., Sean Bernard Berberian, Esq., Stinson Morrison Hecker LLP, Phoenix, AZ, for Plaintiffs–Appellees.

Brian Kaven, Esq., Daryl Manhart, Esq., Scott H. Zwillinger, Esq., Burch & Cracchiolo PA, Phoenix, AZ, Richard L. Strohm, Esq., Law Offices of Richard L. Strohm, Scottsdale, AZ, for Defendants–Appellants.

Before: NOONAN, THOMAS, and FISHER, Circuit Judges.

### MEMORANDUM **

We consolidate these two appeals arising from the same set of facts. To obtain our jurisdiction, all the appellants concede for purposes of the appeal the Agsters' statement of facts and contend that they are still entitled to qualified immunity.

■ Sheriff Arpaio is more than correct in his contention. He has not waived his claim to such immunity, as the claim was ruled on by the district court. The immunity follows here, a fortiori, from absence of any probative evidence of his part in the alleged abuse. The evidence of his braggadocio offered by Agster does not tie him to any action of his deputies pointed to by Agster. Swagger in print is not actionable if acts cannot be traced to it. Arpaio is entitled to be freed from liability for any federal tort.

■ The deputies present a different picture. As the Agsters present the facts, their actions were a cause of the death of their son Charles. The deputies restrained him to the point of positional asphyxia. Arrested on a misdemeanor charge of trespass, manacled and surrounded by officers in the jail, this small-sized, drug-depleted man was endangering neither the officers nor himself but was uncooperative. His lack of cooperation was no justification for the application of force which was foreseeably dangerous to his life and in fact was fatal. The County's own regulations warned against the danger of "the chair" causing positional asphyxia. The law was clearly established that forbade the deputies to deploy such potentially lethal force. See *Drummond v. City of Anaheim*, 343 F.3d 1052, 1059–1061 (9th Cir.2003).

■ Nurse Betty Lewis does not fare better than the deputies. As the Agsters' account presents the case, she did more than make a mistake in medical judgment or perform her nursing function negligently. Nurse Lewis failed to assess Charles before he was restrained in the fatal chair; she failed to check on his health while he collapsed in the chair; and she failed to respond to the warnings of other observers

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that he was in acute distress. On these facts, she acted in conscious disregard of the excessive risk that the deputies' treatment of Charles would cause his death. She is not entitled to immunity. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

The judgment is AFFIRMED as to the deputies and Lewis; REVERSED as to Sheriff Arpaio.